Argued and submitted June 20, reversed August 8, 2001

Ashley R. CRESS,
*Respondent,*

*v.*

Ronald E. CRESS,
*Appellant.*

18-99-23549; A109166

29 P3d 1169

Edmond J. Spinney argued the cause and filed the briefs for appellant.

Judson Carusone argued the cause for respondent. On the brief were Ann B. Kneeland, Caroline M. Wong, Certified Law Student, and Jennifer L. Marston, Certified Law Student.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

On respondent's appeal from a judgment granting petitioner's request for a permanent stalking protective order (SPO), we review *de novo* and reverse.

Briefly summarized, petitioner and respondent are daughter and father, respectively. Approximately eight months before the hearing on petitioner's petition for an SPO, petitioner told respondent that she did not want any contact with him. Respondent nevertheless has contacted petitioner, at least once by going to her workplace, and another time by going to petitioner's apartment, where she lives with her mother and brother, and talking to petitioner's brother about her. Petitioner testified that she was unnerved by respondent's conduct because he contacted her despite being told that she wanted no contact with him. Family members who saw petitioner after respondent's effort to talk to her at her workplace described respondent as tearful and "extremely upset."

Although respondent disputes whether the record adequately establishes the requisite number of contacts for issuance of an SPO, we are satisfied that it does. *See generally Weatherly v. Wilkie*, 169 Or App 257, 259, 8 P3d 251 (2000) (identifying statutory requirements). As to petitioner's reaction to the contacts, we do not question that they caused petitioner real and genuine distress. ORS 30.866 requires more than that, however. The contacts must cause alarm or coerce her, and they must cause her apprehension about her personal safety or that of a family member. Moreover, her reaction to the contacts must be objectively reasonable. *Id.* Petitioner did not identify any apprehension relating to her or anyone else's personal safety. Indeed, for that matter, she did not even describe herself as concerned in some general or nonspecific way about her or someone else's personal safety.[1]

---

[1] Although the petition alleged that respondent sexually molested petitioner as a child, the record is devoid of testimony to support that allegation. Assuming, only for our present analysis, that the allegation alone can suffice to establish that fact, we have no further information about the alleged childhood abuse, nor is there testimony or other evidence establishing that petitioner subjectively feared further sexual molestation. Thus, we do not find that allegation in the petition, without

When pressed by the trial court to identify why the contacts concerned her, petitioner answered that it "bothered" her that respondent continued to contact her when she had told him not to do so and that she did not know "what else to say" as to why the contacts upset her.

On the very limited record before us, we are not satisfied by preponderant evidence that the contacts described in the record caused petitioner the requisite subjective apprehension relating to personal safety.

Reversed.

---

more, to be a persuasive basis on which to infer the requisite alarm, coercion, and apprehension regarding present personal safety.